UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEELOCK, L.L.C., a Michigan
limited liability company,

      Plaintiff,                                    Case No. 2:05cv74658
                                                     Hon. Denise Page Hood

v.

SAGA AMERICA, INC., an
Illinois corporation,

      Defendant.

_____/

## **ORDER**

The Complaint was filed on December 8, 2005, Plaintiff filed a Motion for Preliminary Injunction on December 21, 2005, and there was a hearing on the Motion for Preliminary Injunction on January 19, 2006. Defendant has neither answered the Complaint nor responded to the Motion for Preliminary Injunction.

For the reasons stated on the record,

IT IS ORDERED that Plaintiff's Motion for Preliminary Injunction **[Docket No. 2, filed December 21, 2005]** is GRANTED.

IT IS FURTHER ORDERED as follows:

1. Plaintiff has established the factors to support the issuance of a Preliminary Injunction under Federal Rules of Civil Procedure 65.

2. That Defendant, and its officers, employees, agents, servants, attorneys, and representatives, and all other persons, firms, or corporations in active concert or participation with it, be preliminarily enjoined and restrained, pursuant to the Court's inherent equitable powers and

pursuant to 15 U.S.C. § 1116 from:

    a)    using in commerce, or facilitating the use in commerce of, the T-shirt Mark, or any colorable imitations thereof, or any other mark, trade name, logo or design that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, Teelock's customers, or that such goods have been sponsored, approved, or licensed by or associated with Teelock or are in some way connected or affiliated with Teelock;

    b)    doing or allowing any act or thing which is likely to dilute the distinctive quality of the T-shirt Mark, or to otherwise injure Teelock's business reputation or goodwill;

    c)    engaging in any acts of federal, state, or common law trademark infringement, trademark dilution, false designation of origin, or unfair competition that would damage or injure Teelock; and

    d)    participating or assisting in any of the above activities.

3.    That Defendant, pursuant to 15 U.S.C. § 1116(a), shall file with the Court and serve on Teelock within thirty (30) days after service of this order, a report in writing under oath setting forth in detail the manner and form in which it has complied with the Court's order;

4.    That Defendant, pursuant to 15 U.S.C. § 1118, be required to deliver up to the Court all T-shirts or other items in Defendant's possession or control containing the T-shirt Mark;

5.    That an accounting be ordered of all of the profits realized by Defendant, or others acting in concert or participation with it, from Defendant's unauthorized use, infringement, and dilution of the T-shirt Mark, and acts of unfair competition, false designation of origin, false advertising, and intentional interference described herein;

6.    That judgment may later be entered against Defendant for Teelock's actual damages as a result of Defendant's acts of infringement and other unlawful conduct alleged herein, and for

any additional profits attributable to Defendant's wrongful conduct, according to proof.

    7.    That Teelock recover its reasonable attorney's fees;

          /s/ Denise Page Hood
          DENISE PAGE HOOD
          United States District Judge

Dated: January 20, 2006

    I hereby certify that a copy of the foregoing document was served upon counsel of record on January 20, 2006, by electronic and/or ordinary mail.

          s/William F. Lewis
          Case Manager