UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TEELOCK, L.L.C., a Michigan**
**limited liability company,**

       **Plaintiff,**                                Case No. 05-74658
                                                       Hon. Denise Page Hood

v.

**SAGA AMERICA, INC., an**
**Illinois corporation,**

       **Defendant.**

_____/

## OPINION GRANTING PRELIMINARY INJUNCTION

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction, filed December 21, 2005. Defendant has not responded. On Friday, January 20, 2006 the Court entered an order granting Plaintiff's Motion for Preliminary Injunction. Below is the Court's opinion.

**II.    STATEMENT OF FACTS**

Plaintiff, Teelock, L.L.C., is a manufacturer and national distributor of apparel. (Pl.'s Mot. Prelim. Inj. at 2). Plaintiff has sold t-shirts bearing the trademark "Laundry Money" since 2004. *Id*. Defendant, Saga America, Inc., is also a manufacturer and distributor of apparel, including t-shirts. Defendant is manufacturing and/or distributing t-shirts bearing the trademark "Laundered Money," one of which has the same design, and almost the same text as one of Plaintiff's t-shirts. *Id*. On October 27, 2005 and November 8, 2005, Plaintiff sent letters to Defendant requesting Defendant to cease manufacturing and/or distributing the "Laundered Money" t-shirts. *Id*.

Defendant has not "substantively responded" to Plaintiff's letters. *Id*.

A trade show is scheduled for January 22, 2006 in Atlanta, Georgia and Plaintiff has been informed that Defendant intends to display and sell its "Laundered Money" t-shirt at the show. *Id*. Plaintiff filed its Complaint on December 8, 2005.

## III.     APPLICABLE LAW & ANALYSIS

Four factors must be balanced and considered before the Court may issue a preliminary injunction pursuant to Fed.R.Civ.P. 65(b): (1) the likelihood of the plaintiff's success on the merits; (2) whether the plaintiff will suffer irreparable injury without the injunction; (3) the harm to others which will occur if the injunction is granted; and (4) whether the injunction would serve the public interest. *In re Delorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985); *In re Eagle-Pitcher Industries, Inc.*, 963 F.2d 855, 858 (6th Cir. 1992); and *N.A.A.C.P. v. City of Mansfield, Ohio*, 866 F.2d 162, 166 (6th Cir. 1989). "None of these factors, standing alone, is a prerequisite to relief; rather, the court should balance them." *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996).

### A.     Likelihood of Success on the Merits

Plaintiff asserts an unfair competition claim pursuant to the Lanham Act, 15 U.S.C. § 1125(a), since it does not have a registered trademark. (Pl.'s Mot. Prelim. Inj. at 2). Unregistered trademarks can be protected by the Lanham Act as long as the trademark is capable of registration under section 2 of the Lanham Act. *G.M.L., Inc. Mayhew*, 188 F.Supp.2d 891, 895 (M.D.Tenn. 2002), *citing EMI Catalogue Partnership v. Hill, Holliday, Connors, Cosmopulos, Inc.*, 228 F.3d 56, 62 (2d Cir. 2000). A plaintiff claiming unfair competition pursuant to the Lanham Act must show that it owns a valid trademark eligible for protection. *EMI Catalogue Partnership*, 228 F.3d

at 62.

Here, Plaintiff admits that it does not have a registered trademark, (Pl.'s Mot. Prelim. Inj. at 2). Defendant has not responded to Plaintiff's assertion that it owns a valid trademark that is eligible for protection.

In the Sixth Circuit, a plaintiff seeking a preliminary injunction based on a claim under the Lanham Act must, at a minimum, demonstrate the "likelihood of confusion among consumers as to the origin of the goods and services provided by defendant resulting from the defendant's use of the disputed mark, as well as irreparable harm to the plaintiff's interests." *Frisch's Restaurant, Inc. V. Shoney's Inc.*, 759 F.2d 1261, 1264 (6th Cir. 1985). The Sixth Circuit has used an eight point test to determine whether a likelihood of confusion exists. *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 Fed.Appx. 942, 947 (6th Cir. 2004). The eight elements used to determine likelihood of confusion are: (1) the strength of the plaintiff's mark; (2) the relatedness of the goods or services; (3) the similarity of the marks; (4) evidence of actual confusion; (5) the marketing channels used; (6) the likely degree of purchaser care; (7) the defendant's intent in selecting the mark; and (8) the likelihood of the expansion of produce lines. *Id.*, *citing Frisch's Restaurants, Inc. v. Elby's Big Boy*, 670 F.2d 642, 647 (6th Cir. 1982). In examining the eight factors, the "ultimate question remains whether relevant consumers are likely to believe that the products or services offered by the parties are affiliated in some way." *Homeowners Group, Inc. v. Home Marketing Specialists, Inc.*, 931 F.2d 1100, 1107 (6th Cir. 1991).

Plaintiff focuses most of its brief on the first factor, the strength of the plaintiff's mark. Plaintiff asserts that "Laundry Money" is "the strongest kind mark" since it "is an arbitrary, fanciful phrase that does not describe anything about apparel or its manufacturer." (Pl.'s Prelim. Inj. at 5).

Fanciful and arbitrary marks are the strongest type of trademark. *Champions Gold Club, Inc. v. The Champions Gold Club, Inc.*, 78 F.3d 1111, 1117. The Sixth Circuit held:

> An 'arbitrary' mark has a significance recognized in everyday life, but the thing it normally signifies is unrelated to the product or service to which the mark is attached, such as CAMEL cigarettes or APPLE computers. A 'fanciful' mark is a combination of letters or other symbols signifying nothing other than the product or service to which the mark has been assigned, such as EXXON or KODAK.

*Id.* (internal quotations omitted)(emphasis in original).

While Plaintiff's alleges that its mark "Laundry Money" is an arbitrary, fanciful phrase, based on the *Champions Gold Club*, Plaintiff's mark does not meet the fanciful requirement. The term "laundry money" signifies more than just the Plaintiff's products. Plaintiff's mark may however, meet the arbitrary standard. The term "laundry money" signifies something, in everyday life, not related to the sale of t-shirts. Under the *Champion Gold Club* standard, the Plaintiff's mark is arbitrary, and is considered a strong trademark.

Plaintiff discusses the relatedness of the goods or services, the marketing channels used, and the defendant's intent in selecting the mark. Both parties sell the same goods, t-shirts to the same urban market. (Pl.'s Mot. Prelim. Inj. at 5). Plaintiff further asserts that it is "obvious that the only reason that Defendant designed its T-shirt the way it did was to confuse the public." *Id.* Plaintiff does not specifically mention the remaining factors, the similarity of the marks, evidence of actual confusion, likely degree of purchaser care or the likelihood of the expansion of the product lines, and only states "[t]he other factors are present as well." Defendant has not responded to any of Plaintiff's assertions.

### B.    Irreparable Harm, Harm to Others and Public Interest

Plaintiff discusses the second element, irreparable harm, providing that a particular finding

of irreparable harm is not required for the court to grant injunctive relief in unfair competition cases. The Sixth Circuit held that irreparable injury, in an unfair competition action, "ordinarily follows when a likelihood of confusion or possible risk to reputation appears." *Wynn Oil Co. v. American Way Serv. Corp.*, 943 F.2d 595, 608 (6th Cir. 1991). Since the Plaintiff has shown a likelihood of confusion, irreparable injury has also been shown.

Plaintiff finally asserts that the Defendant violated Michigan common law unfair competition provisions. However, Plaintiff does not provide any evidence or law to support this contention.

Since Plaintiff has shown a likelihood of success on the merits and thereby irreparable harm, and because Defendant has not responded in any way, a separate order will be issued and preliminary injunction is appropriate in this case.


Date: <u>February 8, 2006</u>                     <u>/s/ Denise Page Hood</u>
                                                                    DENISE PAGE HOOD
                                                                    United States District Judge